PER CURIAM.
We reverse a summary judgment and hold that there exists a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Appellant first contends that it entered into an exclusive services contract with Dade County wherein it agreed to provide all the county’s landfill “overburden” on an “as needed” basis. Appellee, Dade County, responds that the agreement with appellant was not exclusive in nature but contemplated multiple awards to other contractors from whom the county could utilize the best bid. We find that appellee failed to prove as nonexistent a genuine trial issue, i.e., whether the county had awarded a similar landfill contract to any other supplier pursuant to the same Invitation to Bid. A determination as to whether the contract was exclusive in nature is contingent upon resolution of that issue.
Appellee further argues that even if the “overburden agreement” between appellant and appellee was exclusive, no breach occurred because the fill received from other sources was gratuitous. Appellant counters that the county’s payment to another firm for hauling donated fill from a site not owned by the county to the county-owned main landfill site constituted a breach because the agreement contemplated both the fill and the hauling. The agreement does cover hauling. Whether there is a breach thus also pivots on a resolution of the first question, i.e., did the agreement constitute an exclusive services contract.
Reversed and remanded for further proceedings.