PER CURIAM.
Following our opinion and decision reported in Tavormina v. Dade County, 475 So.2d 1304 (Fla. 3d DCA 1985) the matter reoccurred in the trial court. Both parties moved for summary judgment and the trial court again awarded summary judgment in favor of the county. The summary judgment reads in part as follows:
“... This Court has previously entered a Summary Judgment in favor of the County which was reversed in Tavormina v. Dade County, 475 So.2d 1304 (Fla. 3d DCA 1985), because the record failed to reveal whether the County had awarded a similar contract to anyone other than Plaintiff. This issue of exclusivity was addressed twice — first with respect to whether the contract in question is a “requirements” contract and, secondly, with respect to whether the contract included hauling services.
The County has filed an Affidavit with attached exhibits which show that the identical contract, for the identical materials, at the same delivery site, was awarded to a second bidder as part of the same bidding process. This fact, being uncontested, clearly shows that Plaintiff’s contract was not intended to be exclusive and therefore is not a “requirements” contract. Further, since there is no exclusivity, there is also no breach for failure to use Plaintiff’s services for hauling. However, on this latter point, Defendant requested leave to supplement the record to show that all hauling of fill was accomplished by use of contractors operating under other blanket purchase orders which related solely to hauling services and did not include the supply of any fill material. Plaintiff acknowledged that the County’s proffer on this point was factually correct. The Court accordingly accepts the County’s proffer as part of the record in this cause.”
We find no error and affirm. Mid-south Packers, Inc. v. Shoney’s Inc., 761 F.2d 1117 (5th Cir.1985); Harvey v. Fearless Farris Wholesale, Inc., 589 F.2d 451 (9th Cir.1979); Propane Industrial, Inc. v. General Motors Corporation, 429 F.Supp. 214 (W.D.Mo.1977); Loizeaux Builders Supply Co. v. Donald B. Ludwig Co., 144 N.J.Super 556, 366 A.2d 721 (1976); Anno. 96 A.L.R.3d 1275, 1281; Anno. 26 A.L.R.2d 1139, 1148; compare Jenkins v. City Ice and Fuel Company, 118 Fla. 795, 160 So. 215 (1935).
Affirmed.